**[J-12A-2025 and J-12B-2025]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 53 EAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 1910 EDA |
| | : | 2022 entered on October 11, 2023, |
| v. | : | affirming the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at No. MC-51-CR |
| JAMES SMITH, | : | 0006183-2021 entered on July 26, |
| | : | 2022 |
| Appellee | : | |
| | : | ARGUED:  March 5, 2025 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 54 EAP 2024 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court at No. 1911 EDA |
| | : | 2022 entered on October 11, 2023, |
| v. | : | affirming the Order of the |
| | : | Philadelphia County Court of |
| | : | Common Pleas at No. MC-51-CR- |
| PATRICK SMITH, | : | 0006184-2021 entered on July 26, |
| | : | 2022 |
| Appellee | : | |
| | : | ARGUED:  March 5, 2025 |

## OPINION IN SUPPORT OF REVERSAL

**JUSTICE DONOHUE**                                            **DECIDED: June 17, 2025**

I join Justice Wecht's Opinion in Support of Reversal.

As ably demonstrated by Justice Wecht, the lower court decisions in this case cannot be squared with this Court's unequivocal jurisprudence establishing the standards that govern the conduct of preliminary hearings.  In dismissing the charges against the off-duty police officers, the lower courts made credibility determinations and drew

inferences in favor of the defendants. These practices are expressly prohibited by *Commonwealth v. Perez*, 249 A.3d 1092, 1102-03 (Pa. 2021).

This Court's affirmance per curiam by an equally divided court is not a blessing of the Superior Court's decisions or rationale because there has been no ruling on the merits. *Commonwealth v. James*, 427 A.2d 148, 150 (Pa. 1981). Justice Wecht, however, is correct that the impact of this precedential opinion of the intermediate appellate court could be consequential. The Superior Court's analytical framework dramatically changes the Commonwealth's burden at a preliminary hearing, making it far more difficult to sustain charges for trial than has ever been required under this Court's jurisprudence. Because the victim's testimony was alone sufficient to sustain the Commonwealth's burden at the joint preliminary hearing, the suppression court's decision should have been reversed and the case remanded for a trial. That not being the case, in my view, the Superior Court opinion, which is a perversion of our established standards for the conduct of a preliminary hearing, should be viewed by the lower courts as an unfortunate anomaly.

Chief Justice Todd joins this opinion in support of reversal.